IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TANEISHA KITTLING and TONI
MARIE CAPONE KINSEY,

    Plaintiffs,

v.

SAL LALLAHU ALAIHU WASALLAM,
LLC, a Texas limited liability company;
AKMFNSH ENTERPRISE, INC., a Texas
corporation, and AKHLAQUE HUSSAIN,
an individual,

    Defendants.

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiffs, TANEISHA KITTLING and TONI MARIE CAPONE KINSEY, by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, SAL LALLAHU ALAIHU WASALLAM, LLC (hereinafter, "SLAW"), AKMFNSH ENTERPRISE, INC. (hereinafter, "AKMFNSH"), and AKHLAQUE HUSSAIN, and state as follows:

## INTRODUCTION

1.    This is an action by Plaintiffs to recover unpaid minimum wage and overtime compensation under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*

## JURISDICTION

2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.    At all times pertinent to this Complaint, Defendants were in the business of operating several motels.

1

4.    Interstate travelers from across the United States visited and transacted business with the Defendants' motels, which were engaged in the hospitality/lodging business.

5.    Defendants' motels used interstate communications to obtain reservations through Priceline, Expedia, OYO hotels, and/or Booking.com web platforms.

6.    At all times material hereto, SLAW and AKMFNSH operated as a single, unified, and integrated enterprise, with motel operations under the direction and management of AKHLAQUE HUSSAIN.

7.    At all times material hereto, SLAW and AKMFNSH shared workers and resources between their respective motels in Houston and Eagle Pass, Texas.

8.    At all times pertinent to this Complaint, Defendants regularly owned and operated a business (lodging) enterprise engaged in commerce or in the production of goods for commerce as defined in sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

9.    Plaintiffs' work at Defendants' enterprise involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business and moved in interstate commerce.  These materials included office supplies, telephones, laundry supplies, electronic equipment, paper, and other materials necessary for the operation of a motel.  These materials were manufactured outside the State of Texas.

10.    During the relevant time period described herein, Defendants employed at least two employees who were "engaged in commerce or in the production of goods for commerce" or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A)(i).  These materials also included office supplies, laundry equipment/supplies, telephones, electronic

2

equipment, paper, and other materials necessary for the operation of a motel. These materials were manufactured outside the State of Texas.

11.    Upon information and belief, during the period of Plaintiffs' employment, Defendants' lodging enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

12.    In 2024 and 2025, SLAW was an "enterprise engaged in commerce" within the meaning of the FLSA.

13.    In 2024 and 2025, AKMFNSH was an "enterprise engaged in commerce" within the meaning of the FLSA.

14.    In addition to the foregoing, the Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute. During their employment, they were required to use instrumentalities of interstate commerce (phones, internet) on a regular and recurrent basis in connection with the operation of Defendants' business and assisting their customers.

15.    Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within this judicial district.

16.    Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in this judicial district.

### VENUE

17.    The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in this judicial district; and

    b.    Defendants were and continue to be companies and an individual doing business within this judicial district.

3

**PARTIES**

18.     At the time material hereto, Plaintiff TANEISHA KITTLING was a resident of Harris County, Texas, and was an "employee" of Defendants within the meaning of the FLSA.

19.     At the time material hereto, Plaintiff TONI MARIE CAPONE KINSEY was a resident of Harris County, Texas, and was an "employee" of Defendants within the meaning of the FLSA.

20.     At the time material hereto, Defendants principally conducted business in Houston and Eagle Pass, Texas.

21.     At the time material hereto, SLAW and AKMFNSH jointly employed the Plaintiffs.

22.     At all times material hereto, SLAW and AKMFNSH were conducting business in this judicial district.

23.   At all times material hereto, the work performed by Plaintiffs was directly essential to the business conducted by Defendants.

**STATEMENT OF FACTS**

24.   During 2025, AKHLAQUE HUSSAIN operated SLAW and AKMFNSH so that those entities shared resources and workforces, as if they were a unified, integrated enterprise.

25.   From about January 18, 2025, to about August 22, 2025, TANEISHA KITTLING was employed by the Defendants.

26.   From about March 15, 2025, to about September 9, 2025, TONI MARIE CAPONE KINSEY was employed by the Defendants.

27.   While employed by the Defendants, TANEISHA KITTLING worked as a front desk worker.  She made/received telephone calls, checked guests in/out, completed paperwork, used the computer, performed room checks, and occasionally assisted with housekeeping work.

4

28. While employed by the Defendants, TONI MARIE CAPONE KINSEY worked as a guest hospitality worker.  She interacted with guests, cleaned rooms, cleaned laundry, and performed maintenance.

29.  TANEISHA KITTLING worked seven days a week during her employment period, as mentioned above.  TANEISHA KITTLING typically worked an 8-hour shift each day plus an additional 2.5 hours throughout each day, assisting motel guests.  TANEISHA KITTLING worked approximately 73.5 hours per week (approximately 10.5 hours per day, 7 days a week, totaling 73.5 hours).

30.  Had TANEISHA KITTLING appropriately been compensated at the $7.25 minimum wage rate for 73.5 hours per week, she would have been paid $532.88 in minimum wages ($7.25 x 73.5 = $532.88) plus an additional overtime premium of $121.44 (33.5 overtime hours x $3.63 premium pay = $121.44), for a combined amount of $654.31 per week.

31. From approximately January 18, 2025, to May 15, 2025, although TANEISHA KITTLING worked the hours above, she was paid zero wages, which was below the minimum wage—a brazen act of willfulness.

32.  Thereafter, TANEISHA KITTLING began receiving $200 on a *bi-monthly* basis*,* with the first payment made on or about May 30, 2025 (covering the period May 16, 2025 to May 30, 2025).

33.  From June 1, 2025, to August 15, 2025, TANEISHA KITTLING was paid bi-monthly. She was effectively paid about $93.33 per week ($200 / 15 days = $13.33 per day, multiplied by 7 days = $93.33).

34.  For the work TANEISHA KITTLING performed from August 16, 2025, to August 22, 2025, she was not paid wages.

35. Based on the foregoing, TANEISHA KITTLING is owed $18,883.45 ($15,153.59 in minimum wages + $3,729.87 overtime = $18,883.45), and demands said amount from the Defendants, exclusive of liquidated damages, attorneys' fees, and costs.

36. TONI MARIE CAPONE KINSEY worked seven days a week during her employment period, above.  TONI MARIE CAPONE KINSEY typically worked daily shifts from about 11:00 a.m. to about midnight (about 13 hours per day) x 7 days per week = about 91 hours per week.

37. Had TONI MARIE CAPONE KINSEY appropriately been compensated at the $7.25 minimum wage rate for 91 hours per week, she would have been paid $659.75 in minimum wages ($7.25 x 91 = $659.75) plus an additional overtime premium of $184.44 (51 overtime hours x $3.63 premium pay = $184.44), for a combined amount of $844.63 per week.

38. TONI MARIE CAPONE KINSEY was paid $100.00 for her work performed between March 15, 2025, and about April 5, 2025.  Based on the number of hours the Plaintiff worked during this time period (about 91 hours per week), he was effectively paid about $33.33 per week ($100 / 3 weeks = $33.33 per week).

39. During the period of about April 6, 2025, to about September 9, 2025, TONI MARIE CAPONE KINSEY was paid $150.00 on a *bi-monthly* basis.  Based on the number of hours the Plaintiff worked during this period (about 91 hours per week) and the amount she was paid, she was effectively paid about $70 per seven-day period.

40. Based on the foregoing, TONI MARIE CAPONE KINSEY is owed $19,756.09 ($15,081.39 in minimum wages + $4,674.70 overtime = $19,756.09), and demands said amount from the Defendants, exclusive of liquidated damages, attorneys' fees, and costs.

41. While employed, the Plaintiffs were not in business for themselves; they were employees of the Defendants.

6

42. Plaintiffs' primary source of income during their period of employment above was the money they were supposed to derive from their work at the Defendants' business; in that period, the Plaintiffs were economically dependent on the Defendants.

43. The Plaintiffs did not receive profits from the operation of the Defendants' businesses,

44. The Defendants, respectively, determined the Plaintiffs' wage rates.

45. The Defendants, respectively, controlled the hours and duties the Plaintiffs performed.

46. The Defendants, respectively, controlled the terms and conditions of the Plaintiffs' employment.

47. The Defendants provided the Plaintiffs with the necessary supplies, materials, and equipment to enable them to perform their duties.

48. The duties performed by the Plaintiffs for the Defendants did not require advanced education, specialized skills, or certifications.

49. The Defendants' motels were generally open 24 hours per day.

50. Defendant AKHLAQUE HUSSAIN was a supervisor and manager of SLAW and AKMFNSH. He actively ran the businesses; acted directly or indirectly in the interest of SLAW and AKMFNSH concerning Plaintiffs' employment; was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs; and/or was substantially in control of the terms and conditions of Plaintiffs' work.

51. Defendant AKHLAQUE HUSSAIN could hire and fire employees, supervise or control employees' work schedules and conditions of employment, and/or determine the rate and method of payment of wages to SLAW and AKMFNSH employees.

52. The Defendants did not maintain time records reflecting each Plaintiff's daily hours worked.

53. The Defendants did not maintain time records reflecting the hours worked by Plaintiffs every week.

54. Defendants failed to keep accurate records of Plaintiffs' hours and wages worked in accordance with the FLSA's recordkeeping requirements.

55. During Plaintiff's employment, Defendants failed to pay them at or above the applicable minimum wage for hours worked.

56. Even though Plaintiffs worked in excess of 40 hours per week for the Defendants, the Defendants failed to pay them for those overtime hours at the rate of 1.5 times the applicable minimum wage.

57. AKHLAQUE HUSSAIN was Plaintiffs' employer as defined by 29 U.S.C. § 203(d). Therefore, he is individually liable for the FLSA violations.

58. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

59. At all times material hereto, the Plaintiffs were and continue to be "employees" within the meaning of the FLSA.

60. At all times material hereto, Defendants failed to pay Plaintiffs' wages in conformance with the FLSA.

61. Defendants committed a willful, malicious, and unlawful violation of the FLSA and are therefore liable for monetary damages.

62. Plaintiffs have retained the undersigned counsel to represent them in this litigation and have agreed to pay the firm a reasonable fee for their services.

**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

63.  TANEISHA KITTLING realleges Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.  Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

65.  29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

66.  During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

67.  Defendants acted willfully and maliciously in failing to pay proper minimum wages to Plaintiffs.

68.  For each workweek, the Plaintiffs were entitled to the federal minimum wage multiplied by the number of hours they worked that week.

69.  As a direct and proximate result of Defendants' willful violation of the FLSA, the Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

**COUNT II**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

70.   Plaintiffs reallege Paragraphs 1 through 62 as if fully stated herein.

71.  Since Plaintiffs' date of hire with Defendants, in addition to their typical regular work week, they worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

72.   Plaintiffs were entitled to be paid at the rate of time and one-half for work hours worked in excess of the maximum hours provided for in the FLSA.

73.   Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by them in excess of the maximum hours provided for in the FLSA.

74.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.  Defendants also failed to adequately disclose or apprise Plaintiffs of their rights under the FLSA.

75.   Each Plaintiff is entitled to overtime calculated as 1.5 times the applicable minimum wage rate for all hours in excess of 40 per week, as set forth, *supra*.

76.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

77.   Due to the willful, malicious, and unlawful acts of Defendants, Plaintiffs have suffered unpaid overtime wages, plus an equal amount as liquidated damages, and their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

## REQUEST FOR RELIEF

For these reasons, Plaintiffs respectfully request that judgment be rendered in their favor against Defendants for the following claims:

a.      $15,081.39 in minimum wages to TONI MARIE CAPONE KINSEY;

b.      $4,674.70 in overtime to TONI MARIE CAPONE KINSEY;

c.      Liquidated (double) damages to TONI MARIE CAPONE KINSEY as to all claims;

d.      $15,153.59 in minimum wages to TANEISHA KITTLING;

e.      $3,729.87 in overtime to TANEISHA KITTLING;

f.      Liquidated (double) damages to TANEISHA KITTLING as to all claims;

g.      attorneys' fees and costs;

h.      post-judgment interest; and

i.      all other and further relief this Court deems to be just.

Respectfully submitted,

*/s/. Peter J. Bober*
Texas Bar #: 24146717
BOBER & BOBER, P.A.
4000 Hollywood Blvd., Suite 555-S
Hollywood, FL 33021
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com

ATTORNEY FOR PLAINTIFFS

11