United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TONI MARIE CAPONE KINSEY, TANEISHA KITTLING,** | § | |
| **Plaintiffs** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-5848** |
| **SAL LALLAHU ALAIHU WASALLAM LLC, AKMFNSH ENTERPRISE, INC., AND AKHLAQUE HUSSAIN,** | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendants' Motion for Reconsideration of Sanctions Order, to Enforce Settlement, and for Attorney's Fees and Costs (ECF No. 18),[2] and Emergency Motion for Protective Order and to Stay Discovery (ECF No. 29). Based on a review of the motions, the record, and relevant law, the Court **RECOMMENDS** Defendants' Motion for Reconsideration be **GRANTED** (ECF No. 18), and Emergency Motion for Protective Order and to Stay Discovery be **DENIED AS MOOT** (ECF No. 29).

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 10).

[2] The Motion is captioned "Defendants' Consolidated Response in Opposition to Plaintiffs' Motion to Reopen and for Sanctions, and Defendants' Motion for Reconsideration of Sanctions Order, and Motion to Enforce Settlement and Request for Attorney's Fees and Costs" [hereinafter "Motion for Reconsideration of Sanctions Order, to Enforce Settlement, and for Attorney's Fees and Costs"]. (ECF No. 18 at 1).

## I. Background

Plaintiffs Toni Marie Capone Kinsey ("Kinsey") and Taneisha Kittling ("Kittling") (collectively, "Plaintiffs") filed this Fair Labor Standards Act action against Defendants Sal Lallahu Alaihu Wasallam LLC, Akmfnsh Enterprise, Inc., and Akhlaque Hussain. (ECF No. 1).

On December 18, 2025, Defendants filed an agreed motion for nonsuit with signed agreements representing that the parties "agreed to a mutual settlement of all their claims." (ECF No. 6). On December 22, 2025, the District Judge granted the motion for nonsuit and closed the case. (ECF No. 7). Plaintiffs then moved to reopen the case and for sanctions, submitting sworn declarations denying that any settlement had been reached and denying that they had signed the nonsuit motion, notwithstanding the signatures appearing on it. (ECF No. 8).

On December 31, 2025, the District Judge granted the motion to reopen and for sanctions, struck the agreed motion for nonsuit and order of dismissal, reopened the case, and granted "an award of sanctions . . . in the amount of attorney fees necessarily expended by Plaintiffs to obtain reconsideration and reversal of that order of dismissal." (ECF No. 9).

On February 24, 2026, Defendants filed the instant Motion for Reconsideration of Sanctions Order, to Enforce Settlement, and for Attorney's

Fees and Costs (ECF No. 18). Defendants dispute any finding of fraud or fabrication, rely on the declaration of an alleged third-party eyewitness to the execution of the settlement agreements, and ask the Court to, among other things, vacate the sanctions award, enforce the settlement agreements, dismiss the case with prejudice, and award Defendants their own attorney's fees and costs. (*Id.* at 1–2, 10–11). Plaintiffs, through then-counsel, filed a response in opposition on March 2, 2026 (ECF No. 19), and Defendants filed a reply on March 10, 2026 (ECF No. 24).

On April 14, 2026, Defendants filed the instant Emergency Motion for Protective Order and to Stay Discovery Pending Resolution of Defendants' Motion to Enforce Settlement. (ECF No. 29). Plaintiffs, through then-counsel, filed a response on April 26, 2026. (ECF No. 31).

Also on April 26, Plaintiff's counsel, Peter Bober, moved to withdraw as counsel, citing a breakdown in communication with Kittling and potential conflicts of interest among Kinsey, Kittling, and counsel. (ECF No. 30). Following a hearing on May 12, 2026, the Court granted the motion. (ECF No. 34). In its May 12 Order, the Court ordered that Plaintiffs would have thirty days to retain substitute counsel and forty-five days to respond to Defendants' pending motions. (*Id.* at 6–7). The Court further advised that, absent new counsel, Plaintiffs could proceed *pro se*. (*Id.* at 7).

On May 20, 2026, Kittling and Defendants filed an Agreed Motion for Nonsuit, representing that Kittling and Defendants had agreed to a mutual settlement of all claims between them. (ECF No. 35). On May 22, 2026, the Undersigned recommended that the motion be granted, Kittling's claims be dismissed with prejudice, and she be terminated as a party. (ECF No. 36). The District Judge adopted the recommendation on June 12, 2026. (ECF No. 37). Accordingly, Kittling has been dismissed as a party, leaving Kinsey as the sole remaining Plaintiff.

Both deadlines set in the Court's May 12 Order have since passed. Kinsey has not retained substitute counsel or filed any response to ECF No. 18 or ECF No. 29, has not requested an extension of either deadline, and has taken no further action to prosecute her remaining claims since her former counsel's withdrawal.[3] Both pending motions are therefore ripe for disposition.

## II. Legal Standard

When a motion seeks reconsideration of an interlocutory order, such as a sanctions order, the motion should be considered under Federal Rule of Civil Procedure ("Rule") 54(b). *Roor Int'l BV v. Stinky's Smoke Shop, LLC*, No. 4:18-cv-735, 2024 WL 1913133, at *3 (E.D. Tex. May 1, 2024) (citing *Cabral v.*

[3] Under the Local Rules of the Southern District of Texas, "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4.

*Brennan*, 853 F.3d 763, 766 (5th Cir. 2017)). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action[.]'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "In applying its discretion to reconsider under Rule 54(b), a district court should construe the procedural rules with a 'preference toward resolving the case on the merits' and 'weigh the interests of justice' when deciding whether to permit the movant's request to reconsider." *Roor Int'l BV*, 2024 WL 1913133, at *4 (quoting *Austin*, 864 F.3d at 337–38). "[A] motion to reconsider under Rule 54(b) is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *Id.* (quoting *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 403 (E.D. La. 2022)).

Additionally, Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "The authority of a court to

dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

## III. Discussion

To begin, Defendants' Motion for Reconsideration of Sanctions Order, to Enforce Settlement, and for Attorney's Fees and Costs (ECF No. 18) is unopposed and should be granted. The Court's May 12 Order gave Kinsey forty-five days to respond to Defendants' Motion for Reconsideration. (ECF No. 34 at 6–7). That deadline has passed without any filing from Kinsey and without any request for an extension. Kinsey has likewise failed to retain substitute counsel and has taken no further action to prosecute her claims. Under Local Rule 7.4, Kinsey's failure to respond is treated as a representation of no opposition to the motion. *See* S.D. TEX. L.R. 7.4. Additionally, Kinsey's failure to comply with the Court's orders and to prosecute her remaining claims support granting the relief Defendants seek. *See* FED. R. CIV. P. 41(b). The Undersigned has no evidence before it other than the current record, which includes Defendants' submissions to support the execution of the settlement agreements. Kinsey has not contested that record, and the time to do so has

passed. On this record, the Undersigned recommends that Defendants' Motion (ECF No. 18) be granted as unopposed, that the settlement agreement be enforced as to Kinsey, and that Kinsey's remaining claims against Defendants be dismissed with prejudice.

Next, Defendants' Emergency Motion for Protective Order and to Stay Discovery (ECF No. 29) should be denied as moot. Defendants' motion specifically sought relief pending resolution of Defendants' Motion for Reconsideration (ECF No. 18). Because the recommendation above resolves the motion for reconsideration, no merits discovery remains to stay or protect against. Accordingly, the relief sought in ECF No. 29 is moot.

Finally, the Court recommends that the December 31, 2025 sanctions award should be vacated and that Plaintiffs' request for the associated attorney's fees be denied. The December 31 Order awarded sanctions, at that juncture, in the amount of attorney's fees necessarily incurred by Plaintiffs in obtaining reconsideration and reversal of the then-existing dismissal order, premised on Plaintiffs' representation that no settlement had in fact been reached and that Defendants' contrary representations were false. (ECF No. 9). That premise has not been sustained; Kinsey has not responded to Defendants' motion for reconsideration, has not opposed the evidence Defendants submitted concerning execution of the settlement, and has

otherwise failed to prosecute her claims. On this record, and in light of the recommendation to enforce the settlement agreement, there is no continuing basis for the sanctions award.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion for Reconsideration of Sanctions Order, to Enforce Settlement, and for Attorney's Fees and Costs (ECF No. 18) be **GRANTED**, and Defendants' Emergency Motion for Protective Order and to Stay Discovery (ECF No. 29) be **DENIED AS MOOT**. As such, the Court **RECOMMENDS** Kinsey's remaining claims against Defendants be **DISMISSED WITH PREJUDICE**; the sanctions award entered in the Court's December 31, 2025 Order (ECF No. 9) be **VACATED**; and Plaintiffs' request for the attorney's fees previously awarded thereunder be **DENIED**. Each party shall bear their own costs.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 15, 2026.

Richard W. Bennett
United States Magistrate Judge