United States District Court
Southern District of Texas
**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TONI MARIE CAPONE KINSEY and TANEISHA KITTLING, | § § § | CIVIL ACTION NUMBER 4:25-cv-05848 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SAL LALLAHU ALAIHU WASALLAM LLC, *et al*, | § § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiffs Toni Marie Capone Kinsey and Taneisha Kittling filed this lawsuit, asserting claims against Defendants Sal Lallahu Alaihu Wasallam LLC, Akmfnsh Enterprise, Inc, and Akhlaque Hussain for alleged violations of the Fair Labor Standards Act. Dkt 1.

At the outset of the case, Defendants filed what was styled as an "agreed motion to dismiss," indicating that the parties had agreed to mutual settlement of all claims. Dkt 6. The motion was promptly granted, and the action was closed. Dkt 7.

Plaintiffs then filed a motion to reopen the case and for sanctions, contending that Plaintiffs hadn't agreed to any settlement and that Defendants had "committed a fraud on the Court" by representing otherwise. Dkt 8. Sworn declarations of Kittling and Kinsey were attached, stating that they hadn't settled their claims or signed the motion for nonsuit. Dkts 8-1 & 8-2. The motion to reopen and for sanctions was granted, with Defendants ordered to pay the amount of attorney fees expended by Plaintiffs to obtain

reconsideration and reversal of the order of dismissal. Dkt 9.

The matter was referred for disposition to Magistrate Judge Richard W. Bennett. Dkt 10. He previously recommended that renewed agreed motion for nonsuit by Kittling and Defendants be granted. Dkt 36. That recommendation was adopted, leaving only claims by Kinsey remaining. Dkt 38.

Pending is a motion by Defendants to reconsider sanctions order, to enforce settlement agreement, and to recover attorney fees and costs. Dkt 18. Defendants dispute any fraud or fabrication, contending that Kinsey "read and voluntarily signed a settlement agreement." Id at 2. As such, they request that (i) the settlement agreement be enforced, (ii) the prior sanctions order be reversed, and (iii) attorney fees and costs be awarded. Id at 10. Defendants later moved for protective order and to stay discovery. Dkt 29. Plaintiffs, while still represented by counsel, filed a response, and Defendants replied. Dkts 19 & 24.

Counsel for Plaintiffs then moved to withdraw from representation, citing difficulty communicating with Plaintiffs and conflict-of-interest concerns. Dkt 30. After hearing, Judge Bennett granted the motion to withdraw, leaving Plaintiffs unrepresented. Dkt 34. Plaintiffs were afforded thirty days to retain substitute counsel and forty-five days to file responses to Defendants' pending motions. Id at 7. Kinsey didn't retain substitute counsel or respond to such motions.

Judge Bennett thus recommends that the motion for reconsideration be granted as unopposed under Local Rule 7.4 because Kinsey failed to respond to the motion or otherwise take any action to prosecute her claims. Dkt 38 at 6. He further recommends that the motion for protective order and to stay discovery be denied as moot. Dkt 29.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see

also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 38.

The motion by Defendants for reconsideration of sanctions order, to enforce settlement, and for attorney fees and costs is GRANTED. Dkt 18.

The prior sanctions award is VACATED. Dkt 9. Each party shall bear their own costs.

The emergency motion by Defendants for protective order and to stay discovery is DENIED AS MOOT. Dkt 29.

Any other pending motions are DENIED AS MOOT.

All claims brought by Toni Marie Capone Kinsey are DISMISSED WITH PREJUDICE.

A final judgment will issue by separate order.

SO ORDERED.

Signed on July 31, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge